## UNGER et al. v. NOXON CHEMICAL PRODUCTS CO., Inc. *
### No. 5785.

Circuit Court of Appeals, Third Circuit.

Feb. 7, 1936.

George S. Silzer, of Newark, N. J., and Isidor Unger, of New York City, for appellants.

George H. Rosenstein, of Newark, N. J., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the District of New Jersey, sitting in bankruptcy, denying a petition for allowance of counsel fees. The appellants are both attorneys who had claims against Noxon Chemical Products

Company, Inc., which were paid in full. The appellant Unger appeared in the bankruptcy proceedings against that company in a three-fold capacity; first, as petitioning creditor, second, as attorney for himself as petitioning creditor, and, third, as attorney for the appellant Kahn, an intervening creditor. The appellants contend that a creditor who prosecutes involuntary bankruptcy proceedings is entitled to a reasonable attorney's fee and requested $5,000 as counsel fee for Unger. The District Court refused to make an allowance.

We are of the opinion that when Unger appeared for himself as a petitioning creditor he was not in fact or in law acting in the capacity of an attorney, inasmuch as that term means one authorized to act for another. As a petitioning creditor, he appeared in the capacity of a claimant. There was therefore no abuse of discretion in the denial of a fee to Unger as attorney for himself as a claimant. He was, however, entitled to a fee as attorney for the appellant Kahn under section 64b(3) of the Bankruptcy Act (11 U.S.C.A. § 104(b)(3) which provides for the payment of one reasonable attorney's fee for professional services actually rendered to the petitioning creditors in involuntary cases. The measure of the allowance is a matter within the discretion of the judge of the bankruptcy court, provided that the allowance is reasonable. The order of the court is reversed with direction to award a reasonable fee to Unger limited to compensation for his services as attorney for Kahn, the intervening creditor.

Order reversed.